1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6
7

KRISTIN E. MCCULLOCH,

Case No. 19-cv-07716-SI

8

Plaintiff,

9

v.

**ORDER GRANTING PROPOSED JUDGMENT PURSUANT TO RULE 54(B)**

10

HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, et al.,

Re: Dkt. No. 64

11
12

Defendants.

13
14

Before the Court is plaintiff Kristin McCulloch's proposed judgment pursuant to Rule 54(b).

15

Having carefully considered the papers submitted by the parties, and for the reasons set forth below,

16

the Court finds that there is no just reason for delay and **GRANTS** plaintiff's proposed judgment

17

pursuant to Rule 54(b).

18

**BACKGROUND**

19
20

Plaintiff was an Employee Benefits Insurance Agent for BB&T Corporation from June 2015

21

to March 2018. Defendant Hartford Life Insurance Company ("Hartford Life") is an insurance plan

22

provider for BB&T Corporation. Plaintiff is a covered participant of Hartford Life's Long Term

23

Disability ("LTD") Plan.[1] On November 20, 2019, Hartford Life denied plaintiff's LTD claim.

24

On December 2, 2019, plaintiff filed a first amended complaint against Hartford Life

25

alleging Hartford Life violated the Employee Retirement Income Security Act of 1974 when

26
27
28

---

[1] Hartford Life's LTD plan provides that Hartford Life will pay a monthly disability benefit to an employee issued under the plan if Hartford Life receives proof of continued disability after a 36-month "Elimination Period." The Plan awards disability benefits based on whether a claimant is a Class 1 or Class 2 Employee.

Hartford Life denied plaintiff's LTD claim. Dkt. No. 4.

On September 8, 2020 and September 23, 2020, the parties submitted statements requesting the case proceed in two separate phases. Dkt. No. 26; 29. The parties agreed that the first phase of litigation (hereinafter "disability phase") was to determine whether plaintiff was "disabled from her own occupation" during the relevant elimination period.[2] Dkt. No. 26 at 2-3. Because Hartford Life's LTD Plan recognizes two eligible classes of employees—Class 1 and Class 2—the parties agreed that the second phase of litigation (hereinafter "class eligibility phase") was to determine plaintiff's class. Dkt. No. 26 at 2. The parties agreed that Class 1 and 2 share the same definition of disability, "own occupation," during the LTD elimination period. Dkt. No. 26 at 2.

On December 2, 2020, the Court held a bench trial for the disability phase. Dkt. No. 43. On December 29, 2020, the Court issued an Order on Findings of Fact and Conclusions of Law and found plaintiff was disabled from performing her own occupation during the elimination period. Dkt. No. 45.

On January 15, 2021, the parties informed the Court the "second phase has begun" and the parties initiated discovery to address plaintiff's class eligibility. Dkt. No. 47 at 3. On March 16, 2021, plaintiff informed the Court that, despite the Court's order finding plaintiff was disabled during the elimination period, defendant had not paid plaintiff LTD benefits. Dkt. No. 55 at 3.

On April 23, 2021, plaintiff filed a proposed judgment pursuant to Rule 54(b). Dkt. No. 64. Plaintiff's proposed judgment requests an entry of judgment awarding plaintiff (1) long-term disability benefits from Defendant for the period of September 2018 to December 29, 2020 in the amount of $285,329.29 and (2) monthly long-term disability reinstated as of December 30, 2020 in the amount of $10,802,50 per month. Dkt. No. 64-1 at 2. The proposed judgment is to be exclusive of prejudgment interest, attorneys' fees, and costs. *Id.* Hartford Life filed an objection on April 30, 2021. Dkt. No. 68. On May 7, 2021, plaintiff filed a reply. Dkt. No. 71.

## LEGAL STANDARD

---

[2] The elimination period begins in September 2018 and ends in September 2021. Dkt. No. 26 at 2-3.

Under Federal Rule of Civil Procedure 54(b),

> [w]hen an action presents more than one claim for relief . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims . . . only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

FED.R.CIV.P. 54(b).

Accordingly, "[r]ule 54(b) allows a district court in appropriate circumstances to enter judgment on one or more claims while others remain unadjudicated . . . To do so, the court first must render an 'ultimate disposition of an individual claim.'" *Pakootas v. Teck Cominco Metals, Ltd.,* 905 F.3d 565, 575 (9th Cir. 2018) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.,* 446 U.S. 1, 7 (1980)). The Court must then "find that there is no just reason for delaying judgment on this claim." *Id.*

"Rule 54(b)'s use of the word 'claim' at minimum refers to 'a set of facts giving rise to legal rights in the claimant.'" *Id.* "[W]here a suit involves multiple claims . . . the district court [acts] as 'dispatcher,' to evaluate the 'interrelationship of the claims' and determine in the first instance 'whether the claims under review [are] separable from the others remaining to be adjudicated.'" *Id.* at 576. Rule 54(b) certification is left to the sound discretion of the district court. *Core–Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1484 (9th Cir.1993).

## DISCUSSION

Hartford Life argues (I) the Court's order finding plaintiff was disabled from her own occupation during the elimination period was not final and (II) there is just cause for delay. Dkt. No. 68 at 4-5.

## I. Final Judgment

Hartford Life argues the Court's order finding plaintiff was disabled under the terms of Hartford Life's LTD plan was not final because the order was "a finding on one issue common to

3

multiple causes of action" and did not resolve any of plaintiff's causes of action. *Id*. at 3-4. Plaintiff argues the order as a final judgment on plaintiff's claim that she was disabled. Dkt. No. 71 at 3-4.

The Court agrees with plaintiff. In *Pakootas*, the Ninth Circuit held that a case seeking cost recovery, natural resource damages, and declaratory relief under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") consisted of multiple claims because each type of requested relief required a "factual showing not required by the other." *Pakootas v. Teck Cominco Metals, Ltd.,* 905 F.3d 565, 575 (9th Cir. 2018). Similar to the relief sought in *Pakootas*, the present case involves relief requiring different factual showings. Here, plaintiff's relief relating to Hartford Life's denial of plaintiff's LTD benefits required the Court to consider plaintiff's symptoms, medical tests, expert reports, and occupational analyses *during* the elimination period. *See* Dkt. No. 45. In contrast, plaintiff's relief relating to class eligibility involves plaintiff's salary grade and affects Hartford Life's review of plaintiff's LTD *after* the elimination period. *See Pakootas*, 905 F.3d at 575 ("a district court can enter final judgment on a claim even if it is not 'separate from and independent of the remaining claims.'"); *Stanley v. Cullen*, 633 F.3d 852, 865 (9th Cir. 2011) (affirming Rule 54(b) judgment where "claims were necessarily time limited to the months comprising the guild phase."). Indeed, the parties agreed to separate this litigation into two phases, *see* Dkt. Nos. 26; 29, and Hartford Life agrees phase two addresses the "discrete issue of class eligibility." Dkt. No. 68 at 6.

Accordingly, the Court issued a final judgment of plaintiff's claim relating to her disability during the elimination period. The Court's phase two determination of plaintiff's class eligibility claim will not affect the Court's prior order deciding whether plaintiff was entitled to LTD benefits during the elimination period. *See Ariz. State Carpenters Pens. Trust Fund v. Miller*, 938 F.2d 1038, 1039 (9th Cir.1991) ("A decision is final if it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.") (internal citations and quotations omitted).

## II.     No Just Reason for Delay

Hartford Life argues judgment should be delayed because of the federal policy against piecemeal appeals and plaintiff "does not have a long wait" until the Court addresses phase two of

the litigation. Dkt. No. 68 at 5-6. Plaintiff argues judicial economy and equitable concerns warrant Rule 54(b) judgment. Dkt. No. 71 a 4-7.

The Court finds there is no just reason for delay. In addressing whether there is just reason for delay, the Court may consider whether the claims under review are separable from the others remaining to be adjudicated, and whether the nature of the claims already determined was such "that no appellate court would have to decide the same issues more than once, even if there were subsequent appeals." *Curtiss-Wright Corp. v. Gen. Elec. Co*., 446 U.S. 1, 7 (1980). Plaintiff's disability and class eligibility claims involve different factual issues. The difference in factual issues ensures the case will not "inevitably go back to [the Ninth Circuit] on the same set of facts." *Wood v. GVV Bend, LLC.*, 422 F.3d 873, 879 (9th Cir. 2005); s*ee also Foreman v. Bank of America*, No. 18-cv-1375-BLF, 2019 WL 8137145, at *4 (N.D. Cal. Dec. 2, 2019) ("[B]ecause of the overlap in facts supporting the Dismissed Counts and the pending claims, applying Rule 54(b) may lead to multiple appeals and piecemeal litigation."). Moreover, a Rule 54(b) will ensure prompt resolution of plaintiff's LTD benefits claims. *See Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797 (9th Cir. 1991) ("Rule 54(b) certification is proper if it will aid 'expeditious decision' of the case."); *cf. Pakootas*, 905 F.3d at 576 (affirming Rule 54(b) judgment in part to "help ensure that a responsible party promptly pays" for damages)

Hartford Life also argues plaintiff's "proposed judgment seeks certification of partial findings of fact issued of fact issued on motions brought under Federal Rule of Civil Procedure 52." Dkt. No. 68 at 7. However, plaintiff's notice of proposed judgment clearly states that plaintiff's proposed judgment is pursuant to Rule 54(b). *See* Dkt. No. 64 at 1 ("Plaintiff submits a Proposed Judgment under Rule 54(b)"). Hartford Life fails to cite any case law showing plaintiff must bring a motion for partial judgment under Rule 52(c).

///

United States District Court
Northern District of California

///

## CONCLUSION

For the foregoing reasons, the Court determines that there is no just reason for delay in the entry of a judgment in favor of plaintiff Kristin McCulloch with respect to plaintiff's LTD benefits claim and **GRANTS** plaintiff's proposed judgment pursuant to Rule 54(b).

**IT IS SO ORDERED**.

Dated: June 28, 2021

SUSAN ILLSTON
United States District Judge